Hartshorne *v.* King.

---

HARTSHORNE *vs.* KING and another, executors of Riley.

A creditor entitled to recover costs against an executor or administrator on account
  of having made an offer to refer, which was declined, does not lose his right to them
  by including in his declaration the common *indebitatus* counts, in addition to one
  on the precise demand offered to be referred, provided his claim to recover on the
  trial *is* confined to that demand.
But if he should serve a bill of particulars claiming other demands, *it seems* he
  would lose his costs. *Per* JEWETT, J.

MOTION for costs against an executor.   The suit was com-
menced April 12, 1845, the declaration counting on a memoran-
dum in writing dated 19th September, 1840, signed by the
defendants' testator in his lifetime, by which he admitted the sum
of three hundred dollars to be due to the plaintiff, " subject,
however, to any future and more complete settlement that may
hereafter be made between us ;" and contained also the *common
counts* in *indebitatus assumpsit* and promises by the testator.
Non-assumpsit was pleaded with notice of the statute of limita-
tions, and the cause being referred to a sole referee.   The plaintiff,
relying upon the written memorandum alone and claiming
nothing but the amount thereof with interest, obtained a report
for $390,50.

The defendants' testator died in February, 1843, and letters
testamentary were issued to the defendants, who reside in
Cayuga county, the 5th of May following.   The plaintiff resides
in New-Jersey.   On the first of June, 1843, the plaintiff wrote

o the defendants describing the written memorandum, and intimating that on a strict adjustment he was entitled to something beyond the $300 therein mentioned. The defendants answered on the 17th June, to the effect that they were not aware of any such demand as that which the plaintiff had mentioned and should allow him nothing, and that if he had any demand he must prove it. In July following the memorandum itself was presented by an agent of the plaintiff to one of the defendants, who requested that it might be again presented after the executors should have advertised for claims, and said he presumed it would then be allowed. In May, 1844, the same agent presented the memorandum to the other defendant, who refused to allow it. Another agent called on the defendant King for payment in June following, and it was refused. In January, 1845, the plaintiff caused a written proposition addressed to the executors to be presented to and left with the defendant King agreeing to submit the demand, which was stated to be a claim *arising upon the memorandum,* a copy of which was annexed, to referees to be appointed by the surrogate according to the statute, and offered to enter into a written stipulation to submit the claim to such referees. King refused to submit to the reference.

On the trial of the cause the defendants attempted to defend under short limitation provided by the statute, (2 *R. S.* 89, § 38,) they having in December, 1843, given notice to the creditors to exhibit their claims on a day named six months after the first publication ; but the notice was defective in not stating the place where the demands should be exhibited.

*G. Underwood,* for the plaintiff.

*D. Wright,* for the defendants.

*By the Court,* Jewett, J. The plaintiff is clearly entitled to costs in this suit, to be levied of the property of the testator, upon the ground that the claim was disputed by the defendants, and that they refused to accept of the plaintiff's offer to refer pursuant to the statute. (*Bullock* v. *Bogardus, ante, p.* 276.) There

Hartshorne *v.* King.

was no attempt by the plaintiff to recover in this suit any other demands than the specific demand repeatedly presented for payment, which was disputed and rejected by the defendants, and which they refused to refer.

It is said that the declaration counted upon other claims than that of which the memorandum was the evidence, which, it is argued, was an enlargement of the plaintiff's claim, and ought to deprive him of the benefit of his offer to refer. (*Knapp* v. *Curtiss*, 6 *Hill*, 386.) It is true the declaration is such that evidence of other demands was admissible under it, but there is not the least evidence that any attempt was made to give any such evidence, or that the plaintiff ever at any time designed it. If the plaintiff had served a bill of particulars and in that had claimed other demands, there might have been some plausibility for the argument.

Whether the suit was brought in time to save the statute bar of six months provided for by 2 *R. S.* 89, § 38, is not now a question. That was a proper question to be disposed of on the trial; and if the referee decided erroneously, it can be corrected only on motion to set aside his report. That defence is in bar of this suit against the defendants. The question of costs is to be decided upon the assumption that the suit was commenced in time after the claim was exhibited, disputed or rejected, and not referred. The motion must be granted, the amount to be levied of the property of the testator, with costs of the motion.

*Motion granted.*